UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:20-CR-0529-B-1 |
| | § | |
| ALFONSO OROZCO JUAREZ, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Alfonso Orozco Juarez's Motion for Compassionate Release (Doc. 126). Because Orozco Juarez has not shown that an "extraordinary and compelling" reason justifies his release or that the 18 U.S.C. § 3553(a) factors favor a reduced sentence, the Court **DENIES** the Motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

On August 5, 2022, the Court sentenced Orozco Juarez to 180 months of imprisonment and five years of supervised release for sex trafficking. *See* Doc. 123, J., 1–3. Orozco Juarez, who is now thirty-eight years old, is serving his sentence at Seagoville Federal Correctional Institution ("Seagoville FCI"). His scheduled release date is August 8, 2033.[1]

Orozco Juarez has filed a Motion for Compassionate Release with the Court, contending that his health conditions, in combination with the risks posed by COVID-19, constitute an

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited July 24, 2023).

-1-

"extraordinary and compelling reason" for release.  *See* Doc. 126, Mot., 1. In particular, Orozco Juarez contends that he suffers from hypothyroidism, Type 2 diabetes, hyperlipidemia, hypertension, and morbid obesity and has several heart stents. Doc. 125, Exs., 33. Orozco Juarez also highlights the ongoing risk of COVID-19, especially in light of these underlying health conditions. *See* Doc. 126, Mot., 1–2. Orozco Juarez contends that the Omicron variant of the virus is far more contagious and can infect vaccinated persons. *Id.* at 2. Thus, he asks the Court to reduce his sentence so he can avoid the heightened risk of COVID-19. *See id.* at 1.

## II.

### LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ('BOP')] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (internal citation omitted) (quoting § 3582(c)(1)(A)(i)).

Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (internal

quotations and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. Section 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1. The Fifth Circuit has held that Section 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 393 (citing § 1B1.13). While not binding, Section 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes extraordinary and compelling reasons for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . [Section] 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting that Section 1B1.13 is "not dispositive" but "guid[ing]").

Regarding medical conditions, the U.S.S.G. commentary directs courts to consider whether the defendant is suffering from a terminal illness or a serious condition that "substantially diminishes the ability of the defendant to provide self-care . . . and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(i)–(ii).

-3-

III.

ANALYSIS

A.    *Orozco Juarez Is Not Entitled to Appointment of Counsel*

Orozco Juarez requests the Court appoint counsel for purposes of the Motion. Doc. 126, Mot.,

1. Orozco Juarez's request for appointment of counsel is **DENIED**. A district court must appoint

counsel when there is a statutory or constitutional requirement to do so and may appoint counsel,

under certain other circumstances, if justice so requires. *See, e.g.*, *United States v. Strother*, 2021 WL

2188136, at *1 (E.D. Tex. May 27, 2021); *United States v. Molina-Flores*, 2018 WL 10050316, at

*1–2 (N.D. Tex. Feb. 13, 2018) (Horan, Mag. J.) (noting that district courts have discretion to

appoint counsel for some claims when "the petition presents significant legal issues, and if the

appointment of counsel will benefit the petitioner and the court in addressing [the] claim").

This Court, like others within the Fifth Circuit, has held that there is no statutory or

constitutional right to appointment of counsel for motions filed under § 3582(c)(1)(A). *See, e.g.*,

*United States v. Reed*, 2022 WL 198405, at *1 (N.D. Tex. Jan. 21, 2022) (Boyle, J.); *United States v.*

*Jackson*, 2020 WL 4365633, at *3 (N.D. Tex. July 30, 2020) (Lindsay, J.), *aff'd*, 829 F. App'x 73 (5th

Cir. 2020); *United States v. Contreras*, 2021 WL 1536504, at *2 (E.D. Tex. Apr. 19, 2021). And here,

Orozco Juarez's Motion is "not legally or factually complex," as it "presents straightforward claims

based on his medical conditions and the threat from COVID-19." *See United States v. Smith*, 2022

WL 326688, at *1 (N.D. Tex. Feb. 2, 2022) (Boyle, J.); *see also* Contreras, 2021 WL 1536504, at *2

(noting that compassionate release motions are generally "not particularly complex factually or

legally"). Therefore, the Court finds Orozco Juarez is not entitled to appointment of counsel.

B.      *Orozco Juarez Has Satisfied the Exhaustion Requirement*

Regarding exhaustion, the Court finds Orozco Juarez has adequately satisfied the administrative-exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A); *see also United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021) ("[A] prisoner may wait 30 days after filing his request and—whether the BOP has ruled on the request or not—he is free to file a motion in the district court.").

In his Motion, Orozco Juarez attaches an "Inmate Request to Staff" addressed to the warden of Seagoville FCI that requests compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See* Doc. 126, Mot., 52. The request is dated January 26, 2023, and Orozco Juarez says he never received a reply. *Id.* Accordingly, the Court finds that Orozco Juarez has adequately satisfied the exhaustion requirement and may properly bring this Motion.

C.      *Orozco Juarez Has Not Demonstrated an Extraordinary and Compelling Reason for Release*

However, Orozco Juarez has failed to show an extraordinary and compelling reason for his release. Orozco Juarez argues that his underlying health conditions, in combination with the risks posed by COVID-19, meet the standard for extraordinary and compelling. *See* Doc. 126, Mot., 1–2. These health conditions include hypothyroidism, Type 2 diabetes, hyperlipidemia, hypertension, morbid obesity, and heart stents. Doc. 125, Exs., 33. But Orozco Juarez has not shown how these conditions "substantially diminish" his ability to provide self-care. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Nor has he indicated that he is not expected to recover from them. *See id.* Rather, Orozco

Juarez's medical documentation suggests he is actively receiving treatment and medications for these conditions from Seagoville FCI. *See* Doc. 126, Exs., 35–39.

Indeed, the Court has consistently denied attempts to base an "extraordinary and compelling" reason on bare diagnoses alone. *See United States v. Long*, 2021 WL 949757, at *2 (N.D. Tex. Mar. 12, 2021) (Boyle, J.) ("In general, the Court must consider every prisoner individually and should be cautious about making blanket pronouncements about, for example, the propriety of incarceration for all inmates with a certain medical condition.") (internal quotation omitted). This is especially the case where the defendant's conditions are seemingly anything but "extraordinary." *See, e.g., United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (holding that because "nearly half of the adult population in the United States suffers from hypertension," even when combined with the risk of COVID-19, the court cannot deem that condition "extraordinary"); *United States v. Terry*, 2021 WL 4226053, at *3 (E.D. Tex. Sept. 15, 2021) ("Due to its pervasiveness, obesity cannot be deemed 'extraordinary' in order to merit compassionate release.") (citing *United States v. Harmon*, 834 F. App'x 101, 101 (5th Cir. 2021) (per curiam)).

Similarly, the threat of COVID-19 has significantly diminished. Current statistics from Seagoville FCI indicate no active cases of the virus among prisoners or staff.[2] These low rates of infection further undermine Orozco Juarez's claims regarding potential risk.

D.    *The 18 U.S.C. § 3553(a) Factors Do Not Support Release*

Finally, § 3582(c)(1)(A) also directs the Court to consider the sentencing factors enumerated in § 3553(a). The Court briefly notes that, in addition to a lack of an extraordinary and compelling

---

[2] *See COVID-19 Statistics*, https://www.bop.gov/coronavirus/covid19_statistics.html (last visited July 24, 2023).

reason for modification, § 3553(a) also weighs against granting Orozco Juarez's request for early release. Section 3553(a) requires the Court to consider, among other things, whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense." § 3553(a)(2)(A).

Orozco Juarez was sentenced less than one year ago. *See* Doc. 29, J., 2. Thus, even accounting for jail credit, Orozco Juarez has served less than twenty percent of his total sentence. *See* Doc. 125, Exs., 46. And although Orozco Juarez cites to several cases in which courts have granted compassionate release despite defendants serving less than fifty percent of their sentences, *see* Doc. 126, Mot., 30–31, Orozco Juarez has not explained why his particular case warrants such a result. Without such a showing, granting compassionate release under these circumstances would fail to "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense." *See* 18 U.S.C. § 3553(a)(2)(A).

## IV.

## CONCLUSION

In sum, the Court finds that Orozco Juarez has not demonstrated an extraordinary and compelling reason for compassionate release and, in any event, the § 3553(a) factors weigh against a modification. Accordingly, Orozco Juarez's Motion fails on two independent grounds, and the Court **DENIES** Orozco Juarez's Motion (Doc. 126) **WITHOUT PREJUDICE**.

By denying Orozco Juarez's Motion without prejudice, the Court permits Orozco Juarez to file a subsequent motion for compassionate release in the event he can both (1) satisfy the exhaustion requirement and (2) provide information supporting a finding of extraordinary and compelling reasons for release beyond those asserted in this Motion.

SO ORDERED.

SIGNED: July 27, 2023.


JANE J. BOYLE
UNITED STATES DISTRICT JUDGE