UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:20-CR-0529-B |
| | § | |
| ALFONSO OROZCO JUAREZ, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Alfonso Orozco Juarez's Motion to Reduce Sentence (Doc. 128) and Orozco Juarez's Motion for Leave to Add a Supplement (Doc. 129). Orozco Juarez is seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). *Id.* For the following reasons, Orozco Juarez's Motion for Compassionate Release is **DENIED WITHOUT PREJUDICE**, and the Court **GRANTS** his Motion to Supplement.

## I.

## BACKGROUND

On August 5, 2022, Orozco Juarez was sentenced to 180 months of imprisonment and five years of supervised release for sex trafficking. *See* Doc. 123, J., 1–3. Orozco Juarez is 40 years old and serving his sentence at Seagoville Federal Correctional Institution ("Seagoville FCI"). His scheduled release date is August 8, 2033.[1]

Orozco Juarez filed a Motion for Compassionate Release, claiming that his health conditions combined with the risk of contracting a new "Omicron" variant of COIVD-19 constitute an

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate locator, available at https://www.bop.gov/inmateloc/.

"extraordinary and compelling reason" for release. *See* Doc. 128, Mot., 1. Orozco Juarez claims he is more susceptible to infection and potentially death from COVID-19 because he suffers from hypothyroidism, Type 2 diabetes, hyperlipidemia, hypertension, acute sinusitis, morbid obesity, and has had heart surgery. Doc. 125, Ex., 33. The Court considers the Motion below.

## II.

## LEGAL STANDARD

Under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States. v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

First, the Court grants Orozco Juarez's Motion to File a Supplement. Next, the Court denies Orozco Juarez's Motion for Compassionate Release because he has not exhausted his administrative remedies, and he has not demonstrated extraordinary and compelling reasons for release.

A.    *The Court Grants Orozco Juarez's Motion to Supplement.*

After filing his Motion for Compassionate Release, Orozco Juarez filed a Motion to Supplement (Doc. 129). He moves to supplement his Motion for Compassionate Release with "four (4) pages of new articles on COVID-19 and the increased COVID-19 infections." Doc. 129, Mot., 1. The Court grants Orozco Juarez's Motion to Supplement.

B.    *Orozco Juarez Did Not Prove He Exhausted His Remedies.*

A defendant can only bring a motion for compassionate release under § 3582(c)(1)(A) "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." This Court has found that "submission of a request is insufficient for exhaustion." *United States v. Ware*, No. 3:15-CR-0494-B-2, 2021 WL 1662497, at *1 (N.D. Tex. Apr. 28, 2021) (Boyle, J.). Instead, exhaustion requires proof that the warden *received* the defendant's request. 18 U.S.C. § 3582(c)(1)(A); *see also, e.g., United States v. Carrera*, No. 3:14-CR-0367-B-40, 2020 WL 6545982, at *2 (N.D. Tex. Nov. 5, 2020) (Boyle, J.) (denying compassionate release where defendant "attache[d] to his motion a letter . . . in which he purportedly ask[ed] the warden of his facility for a sentence reduction," but did not "attach any proof that the warden actually received his request").

Here, the Court finds that Orozco Juarez has not satisfied the exhaustion requirement. In support of his Motion, Orozco Juarez claimed that he submitted a request for compassionate release to the warden. Doc. 128-1, Mot., 1. He attached a copy of this form to his original Motion, but it did not contain a signature from a staff member. *Id.* Further, Orozco Juarez did not attach any evidence establishing the warden actually *received* his letter. *Id.* Thus, Orozco Juarez has failed to meet his burden of proving that he exhausted his administrative remedies. *See Carrera*, 2020 WL 6545982, at *2. Even though Orozco Juarez failed to satisfy the exhaustion requirement, the Court will still address the merits of his Motion.

C.    *Orozco Juarez Has Not Shown Extraordinary and Compelling Reasons for Compassionate Release.*

Orozco Juarez has not shown "extraordinary and compelling reasons" warranting compassionate release under § 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Rather, Congress "delegated that authority to the Sentencing Commission," which was directed to promulgate "general policy statements regarding the sentencing modification provisions in § 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Id.* (citations and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States. v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citation omitted). The three circumstances are the defendant's medical condition, age, and family situation. *See* U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.l.  However, § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392-93.

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes an extraordinary and compelling reason for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v.*

*Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting § 1B1.13 is "not dispositive" but "guid[ing]"). Considering Orozco Juarez's Motion in light of § 1B1.13, the Court concludes that Orozco Juarez has not demonstrated "extraordinary and compelling reasons" warranting compassionate release.

Orozco Juarez presents four arguments for why he should be granted compassionate release: (1) his poor health; (2) the Court should balance his sentence with his offense; (3) deportation; and (4) rehabilitation. Doc. 128, Mot., 1–2. The Court addresses each argument in turn.

First, the Court concludes that Orozco Juarez's health, in relation to the COVID-19 pandemic, does not warrant compassionate release. The Fifth Circuit has held that a medical condition might warrant compassionate release "where the defendant has either a terminal illness or a condition that substantially diminishes the ability of the defendant to provide self-care." *Thompson*, 984 F.3d 431, 433 (citation omitted). Additionally, a defendant may establish an extraordinary and compelling reason warranting compassionate release by demonstrating that his facility "is ill-quipped to meet [the defendant's] medical needs." *Ware*, 2021 WL 1662497, at *3.

Orozco Juarez claims to have hypothyroidism, Type 2 diabetes, hyperlipidemia (high cholesterol), hypertension, acute sinusitis, morbid obesity, and heart stents, which he argues puts him at a "greater risk of dying." Doc. 128, Mot., 5. Orozco Juarez attached his medical records from the BOP showing the extensive treatment and medications he has received at Seagoville FCI. Doc. 128-1, App'x, 26–40. The Court finds that his conditions do not constitute an extraordinary and compelling reason because he has not presented any evidence that his health conditions prevent him from providing self-care. *See Thompson*, 984 F.3d at 435 (affirming a denial of compassionate release because a defendant with hypertension and high cholesterol was "an otherwise healthy defendant

with two well-controlled, chronic medical conditions"). Additionally, the Court finds that Orozco Juarez's prison facility is well-equipped to handle his health conditions as demonstrated by his health records. *See* Doc. 128–1, App'x, 26–40. Therefore Orozco-Juarez's health conditions do not warrant compassionate release.

Second, Orozco Juarez asks the Court to grant compassionate release because this Court did not intend to give him "a death sentence." Doc. 128, Mot., 29. To the extent that Orozco Juarez is arguing that his sentence was too harsh, he cannot use a motion for compassionate release to challenge his original sentence. *See United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023) ("[A] prisoner cannot use [a motion for compassionate release] to challenge the legality or the duration of his sentence."). Therefore, the Court rejects this argument.

Third, the fact that Orozco Juarez might be deported after his sentence does not warrant compassionate release. It appears that Orozco Juarez is requesting the Court grant compassionate release to expedite his deportation. *See* Doc. 128, Mot., 33. However, a post-sentence deportation is not an extraordinary and compelling reason to warrant compassionate release. *See United States v. Sila*, No. 3:16-CR-0448-B, 2022 WL 800113, at *4 (N.D. Tex. Mar. 16, 2022) (Boyle, J.).

Fourth, Orozco Juarez's rehabilitation does not constitute an extraordinary and compelling reason to warrant compassionate release. Orozco Juarez attached various certificates to his Motion for Compassionate release that show he has participated in several programs aimed at reducing recidivism. *See* Doc. 128-1, App'x, 47–51. Though the Court commends Orozco Juarez's progress on rehabilitation, "a defendant's rehabilitation is not alone sufficient to justify a sentence reduction under §3582(c)(1)(A)." *See United States v. Howard*, No. 3:15-CR-00501-N-2, 2024 WL 3404611, at *3 (N.D. Tex. July 12, 2024) (Godbey, C.J.).

In sum, Orozco Juarez's personal circumstances do not rise to the level of extraordinary and compelling as necessary to warrant compassionate release. Given these threshold obstacles to Orozco Juarez's Motion, the Court need not consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

## IV.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** Orozco Juarez's Motion for Compassionate Release (Doc. 128) **WITHOUT PREJUDICE** but **GRANTS** Orozco Juarez's Motion for Leave to Supplement (Doc. 129).

By denying Orozco Juarez's Motion for Compassionate Release without prejudice, the Court permits Orozco Juarez to file a subsequent motion seeking compassionate release in the event he demonstrates: (1) a change in circumstances rising to the level of extraordinary and compelling; (2) that he satisfied the exhaustion requirement with respect to those circumstances; and (3) that the 18 U.S.C. § 3553(a) sentencing factors support his release.

SO ORDERED.

SIGNED: August 7, 2025.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE